UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOSE GONZALEZ,** | Civil Action Number: |
| Plaintiff, | 2:09-cv-05357 |
| v. | OPINION |
| **ERIC HOLDER, ATTORNEY GENERAL OF THE UNITED STATES,** *et al.***,** | HON. WILLIAM J. MARTINI |
| Defendants. | |

**MEMORANDUM OPINION**

**I.    INTRODUCTION**

Defendants initiated removal proceedings against Plaintiff Jose Gonzalez on June 24, 2009.On October 20, 2009, Plaintiff filed a complaint, against Defendants Eric Holder, the Attorney General of the United States; Janet Napolitano, the Secretary of Homeland Security; and the Department of Homeland Security, seeking declaratory and injunctive relief against Defendants' commencing and continuing removal proceedings against Plaintiff under 8 U.S.C. §§ 1227(a)(1)(B), 1229. Plaintiff argues that the removal proceedings come too late and are barred by the five-year statute of limitations imposed by 8 U.S.C. § 1256(a). On December 29, 2009, the Government filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.

Both this action and the administrative proceedings in the immigration court were stayed pending resolution of *Gonzalez v. Napolitano*, 2011 WL 941299 (D.N.J. Mar. 16, 2011) (granting the Government summary judgment in an appeal of a final administrative denial of Gonzalez's petition seeking naturalization). After *Gonzalez v. Napolitano* was decided, the stay in the instant action and in the administrative proceedings was lifted.

For the reasons elaborated below, the Court will **GRANT** Defendants' Motion to Dismiss.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

The facts of this case are laid out in full in this Court's opinion in a recently decided related matter. *See Gonzalez v. Napolitano*, 2011 WL 941299 (D.N.J. Mar. 16, 2011) (granting the Government summary judgment in an appeal of a final administrative denial of Gonzalez's petition seeking naturalization, i.e., an N-400 Application). The essential facts, however, are these. Plaintiff Jose Gonzalez was born in Panama on August 1, 1966 and is a citizen of Spain. He entered the United States circa 1998, and in 2000, he married Inez Otero, a United States citizen.

On March 27, 2000, Plaintiff filed an Adjustment of Status I-485 Form. Otero supported the application. Indeed, on the same day, Otero filed an Alien Relative Petition, an I-130 Form, on behalf of Plaintiff. On May 19, 2001, Plaintiff was granted lawful permanent resident status based on his application. On February 14, 2003, Plaintiff filed a Petition to Remove Conditions on Residence, an I-751 Form. On or about August 3, 2004, Plaintiff was interviewed by an immigration officer in regard to his I-751 application. Otero attended the interview and supported the application even though it took place apparently after she and Plaintiff had separated on August 1, 2004. On October 21, 2004, Gonzalez filed for divorce, which became final on March 7, 2005.

On December 19, 2006, Plaintiff filed for naturalization, an N-400 application. Some time in June 2007, an immigration officer interviewed Plaintiff in regard to his N-400 application. At this time, Plaintiff also told the immigration authorities that he had two children who were not related to Otero. This information in regard to children (and other information he volunteered at the interview) raised red flags with the immigration authorities because it diverged from the information in Plaintiff's prior filings, applications, and interviews.

On June 24, 2009, the United States Citizenship and Immigration Services ("USCIS") served a notice to appear ("NTA") on Plaintiff. The NTA charges that Plaintiff is removable pursuant to 8 U.S.C. § 1227(a)(1)(B). Those administrative proceedings are ongoing. On October 20, 2009, Plaintiff filed a complaint seeking declaratory and injunctive relief against Defendants' commencing and continuing removal proceedings against Plaintiff. Plaintiff argues that the removal proceedings come too late and are barred by the five-year statute of limitations imposed by 8 U.S.C. § 1256(a). On December 29, 2009, the Government filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim.

## III.     STANDARD OF REVIEW

The Defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(1). This rule provides for the dismissal of a complaint, in whole or in part, if the

plaintiff fails to establish that the court has jurisdiction over the claims at issue. Plaintiff ultimately bears the burden of establishing subject matter jurisdiction in the context of a 12(b)(1) motion. *Schwartz v. U.S. Dep't of Justice*, 2007 WL 2916465, at *3 (D.N.J. Oct. 4, 2007) (citing *Haines v. Keener*, 404 U.S. 519, 520 (1972)).

## IV.   ANALYSIS

Plaintiff's position is that *Garcia v. Atty. Gen.*, 553 F.3d 724 (3d Cir. 2009), stands for the proposition that the Government cannot, as it has here, initiate removal proceedings more than five years after a noncitizen has adjusted status to lawful permanent resident. The Government disagrees with this reading of *Garcia*. As will be explained below, this Court need not, and, indeed, cannot address this substantive legal question because this Court lacks jurisdiction over the matter, which is basically the assertion of a statute of limitations defense. *Wyatt, Virgin Islands, Inc.*, 385 F.3d 801, 808 (3d Cir. 2004) (explaining that an anticipated federal defense does not confer federal subject matter jurisdiction).

Administrative proceedings in the immigration court have not yet ended. Plaintiff can lodge his defenses before the immigration court. Plaintiff, should he not prevail in the immigration court, can lodge his defenses before the Board of Immigration Appeals ("BIA"). Finally, Plaintiff, should he not prevail before the BIA, can assert his statute of limitations defense and any other factual or legal defenses he has before the United States Court of Appeals for the Third Circuit. Appeals of final orders of removal lie exclusively with the courts of appeals, not the district courts.

Plaintiff seeks to short circuit the orderly appellate review process by preemptively seeking resolution of just a single defense (his statute of limitations defense) in the District Court prior to his exhausting his administrative remedies. Yet, the two cases discussed in detail in Plaintiff's brief, *Bamidele v. INS*, 99 F.3d 557 (3d Cir. 1996) and *Garcia v. Atty. Gen.*, 553 F.3d 724 (3d Cir. 2009), were decisions of the Third Circuit from final administrative determinations by the BIA. There is not a hint from the Third Circuit, or any other decision cited by Plaintiff, permitting the District Court to inject itself into ongoing administrative proceedings merely because it appears to an aggrieved party that the Government or administrators might misunderstand or err with respect to applying controlling decisional law. *I.e.*, *Garcia, supra*.

As to remedy, Plaintiff seeks injunctive relief. Yet here he has access to a remedy at law, either before administrative proceeding or before the Third Circuit. Likewise, he has made no showing of irreparable harm. *See Liberty Lincoln-Mercury, Inc. v. Ford Motor Co.,* 562 F.3d 553 (3d Cir. 2009) (explaining that irreparable harm is a factor to be considered in awarding a preliminary injunction); *Int'l Union, United Auto., Aerospace & Agr. Implement*

*Workers of Am., UAW v. Mack Trucks, Inc.*, 820 F.2d 91 (3d Cir. 1987) (explaining that lack of an adequate remedy at law is a factor to be considered in awarding a permanent injunction). The factual and legal allegations of Plaintiff's complaint, even if proved at trial, are an insufficient basis to award injunctive relief, i.e., the relief sought here.

## V.   CONCLUSION

For the reasons elaborated above, the Court **GRANTS** Defendants' Motion to Dismiss.

An appropriate order accompanies this memorandum opinion.

This terminates this action.

s/ William J. Martini
**DATE: March 31, 2011**                               **William J. Martini, U.S.D.J.**